UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LA VASIA V. MARTIN, | : | Case No. 1:20-CV-00219 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | **<u>NOTICE OF REMOVAL OF CIVIL ACTION</u>** |
| | : | |
| WAL-MART INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

\*\*\*\*\*\*\*\*\*\*

Defendant Wal-Mart Inc. by and through counsel, and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action from the Hamilton County, Ohio Court of Common Pleas.  In support of its Notice, Defendant states the following:

1.

On February 25, 2020, Plaintiff, La Vasia V. Martin (hereinafter "Plaintiff"), filed a Complaint in the Court of Common Pleas, Hamilton County, Ohio and captioned *La Vasia V. Martin vs. Wal-Mart Inc.* Case No. A2000933. (A true and correct copy of the Complaint is attached hereto as Exhibit A). According to the state court docket, the Complaint was served on Defendant Wal-Mart Inc. on February 29, 2020.

In the Complaint, Plaintiff La Vasia V. Martin alleges that on or about March 1, 2018, she was injured as a result of a slip and fall on the premises of Wal-Mart located at 2322 Ferguson Road, Cincinnati, Ohio 45238.  The Complaint alleges that Plaintiff suffered temporary and permanent bodily injures, pain and suffering, lost wages, medical expenses, future pain and

suffering, future lost wages, lost the use and enjoyment of good health as well as further medical expenses to be incurred in the future. (*See id.* at ¶ 14). Wal-Mart Inc. specifically denies any wrongdoing or civil liability to Plaintiff.

Plaintiff's Complaint names Wal-Mart Inc. and the Ohio Tort Recovery Unit[1]. With regard to Defendant Ohio Department of Medicaid (Ohio Tort Recovery Unit), Plaintiff does not assert any claim or make any allegation. Plaintiff simply states  the Department should "set forth its subrogated claim or be forever barred." (See Complaint at Prayer for Relief)

As noted above and asserted in her Complaint, Plaintiff is an Ohio citizen. (*See* Complaint). Wal-Mart Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Defendant Ohio Department of Medicaid is an Ohio citizen, whose interests are properly aligned with Plaintiff's for purposes of considering diversity of the parties and/or Defendant Ohio Department of Medicaid is a nominal party whose citizenship is inapplicable for determining diversity of the parties, and from whom consent to remove is not required.

As a subrogated defendant, Defendant Ohio Department of Medicaid's interests in achieving recovery against Defendant Walmart, Inc. are properly aligned with Plaintiff's and should be arranged accordingly for purposes of considering diversity of the parties.  *See, e.g.*, *Smith v. GMC*, No. 2:11-CV-782, 2011 U.S. Dist. LEXIS 137627, *6–7 (S.D. Ohio Nov. 30, 2011) (citing *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933 (W.D. Wis. 2006); *Frahm v. Marshfield Clinic*, 2007 U.S. Dist. LEXIS 82755, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007)); *see also City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941).  Defendant Ohio Department of Medicaid is an Ohio citizen and/or its citizenship is

---

[1] The Ohio Department of Medicaid filed an Answer on March 11, 2020. A copy of same is attached hereto as Exhibit B.

inapplicable as a nominal party as discussed below.  *See Moor v. County of Alameda*, 411 U.S. 693 (1973) (a political subdivision of a state is a citizen of that State for diversity jurisdiction purposes, unless it is a simply the arm or alter ego of the State).  Accordingly, upon realignment, there is complete diversity of the parties.

Regardless of the alignment of Defendant Ohio Department of Medicaid, it is a nominal party.  The Department is not a real party in interest; it has no interest or control over the subject matter of this litigation, and merely holds subrogation rights related to any potential recovery. *See DiBella v. Carpenter*, No. 2:10-CV-174, 2010 U.S. Dist. LEXIS 75323, *5–6 (S.D. Ohio June 25, 2010) (citing *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989) (internal quotations and citations omitted)) ("A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined.  In contrast to a real party in interest, a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation.").  In the case of a nominal party, the Court should disregard its citizenship for jurisdictional purposes. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 190 (1924); *Maiden v. N. Am. Stainless, LP*, No. 03-5740, 125 Fed. App'x 1, 2004 U.S. App. LEXIS 25998, *2 (6th Cir. 2004). Again, complete diversity exists for jurisdictional purposes.

2.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Southern District of Ohio has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Removal is proper because:

(a) Plaintiff is an Ohio resident. (*See* Complaint);

(b) Defendant Wal-Mart Inc. is a Delaware corporation. Its principal place of business is Bentonville, Arkansas. Wal-Mart Inc. is not a resident of the state of Ohio.

 (c) The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000). Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $25,000.[2]   (See id.). While the Complaint is silent as to the particular amount in controversy, it is apparent that the amount in controversy exceeds the minimum jurisdictional amount based on the alleged injuries. The Complaint alleges that Plaintiff suffered temporary and permanent bodily injures, pain and suffering, lost wages, medical expenses, future pain and suffering, future lost wages, lost the use and enjoyment of good health as well as further medical expenses to be incurred in the future. (*See id.* at ¶ 14).

4.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit C), together with a copy of this Notice of Removal is being filed with the Clerk of the Hamilton County, Ohio Court of Common Pleas and shall be served on Plaintiff and Ohio Department of Medicaid.

WHEREFORE, Defendant prays that this action be removed from the Hamilton County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and request that this Court assume full jurisdiction over the case herein as provided by law.

---

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

Respectfully submitted,

REMINGER CO., L.P.A.

/s/ Carrie M. Starts
Carrie M. Starts (0083922)
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202
Tel: (513) 721-1311; Fax: (513) 721-2553
cstarts@reminger.com
*Counsel for Defendant Wal-mart, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

electronically filed this 17th day of March, 2020.  A copy has also been served via email/U.S.

mail upon the following:

Robert B. Acciani
600 Vine Street, Suite 1600
Cincinnati, OH 45202
bba@oal-law.com
*Attorney for Plaintiff*

Joseph M. McCandlish, Esq.
150 E. Gay Street, 21st Floor
Columbus, OH 43215
Joseph.mccandlish@ohioattorneygeneral.gov
*Attorney for State of Ohio, Department of Medicaid*

/s/Carrie M. Starts
Carrie M. Starts (0083922)